**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| COURTNEY RICHMOND, | Case No. 14-CV-1725 (PJS/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA; HENNEPIN COUNTY; HENNEPIN COUNTY JAIL; and HENNEPIN COUNTY MEDICAL CENTER, | |
| Defendants. | |

---

Courtney Richmond, pro se.

This matter is before the undersigned United States Magistrate Judge on Plaintiff Courtney Richmond's application for leave to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(a)(1). Because Richmond's complaint fails to state a claim on which relief may be granted, this Court recommends that Richmond's IFP application be denied and this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se

complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Richmond's Complaint is largely unintelligible. That said, it appears that Richmond's allegations stem from a 2003 lawsuit brought against the City of Brooklyn Center and three Brooklyn Center police officers. In that lawsuit, Richmond alleged that the police officers conducted a strip search and body-cavity search in violation of his Fourth Amendment rights. A jury returned a verdict in favor of Richmond on the question of whether the strip search was unreasonable, but the Eighth Circuit found that the officer who performed the search was entitled to qualified immunity. *See Richmond v. City of Brooklyn Center*, 490 F.3d 1002 (8th Cir. 2007).

Richmond alleges that the defendants in this case — the State of Minnesota, Hennepin County, the Hennepin County Jail, and Hennepin County Medical Center — somehow concealed facts about his previous case. This Court, however, cannot tell from the Complaint in what way Richmond claims that each defendant harmed him. For example, it is unclear from the Complaint what facts were allegedly concealed by any of the defendants, or how any of the defendants went about concealing those facts. Moreover, Richmond has not presented his allegations in complete and coherent sentences, making it is almost impossible to ascertain what exactly he is attempting to allege. The defendants that Richmond seeks to sue are entitled to reasonable notice of the claims against them; his Complaint does not provide that reasonable notice.

Accordingly, this Court concludes that, even with the liberal construction that is required in pro se cases, Richmond's Complaint fails to state a claim on which relief can be granted.

Because Richmond's Complaint fails to state an actionable claim for relief, his IFP application should be denied, and this case should be summarily dismissed under § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Courtney Richmond's application to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

2. The Complaint [ECF No. 1] be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August   22  , 2014          *s/ Tony N. Leung*
                                     Tony N. Leung
                                     United States Magistrate Judge


                                     *Richmond v. State of Minnesota et al.*
                                     Case No. 14-CV-1725 (PJS/TNL)


Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 8, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made. The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.